# RETAIN

# IN THE DISTRICT COURT OF THE UNITED STATES

## for the Western District of New York

**M-23-0115**

MAY 2014 GRAND JURY
(Impaneled 05/09/2014)

**THE UNITED STATES OF AMERICA**

*-vs-*

**AARON HICKS**
    **a/k/a Boog a/k/a Boogy**
    (Counts 1-3),
**MARCEL WORTHY**
    **a/k/a Cheese**
    (Counts 1-3, 5, 6),
**RODERICK ARRINGTON**
    **a/k/a Ra-Ra**
    (Counts 1-3, 7-15),
**LETORRANCE TRAVIS**
    **a/k/a Torrance**
    (Counts 1-3), and
**JULIO CONTRERAS**
    **a/k/a Blue Demon**
    (Counts 1, 2, 4)

**SUPERSEDING INDICTMENT**
**15-CR-33-A**

**Violations:**

Title 18, United States Code,
Sections 922(g)(1), 924(c)(1)(A),
924(j)(1), 1959(a), and 1962(d);
Title 21, United States Code,
Sections 841(a)(1), 846, and 856(a)(1)
(15 Counts and 3 Forfeiture Allegations)



UNITED STATES DISTRICT COURT
FILED
JUN 19 2015
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

## COUNT 1

### (Racketeering Conspiracy)

### The Grand Jury Charges That:

#### THE ENTERPRISE

1.     At all times relevant to this Superseding Indictment, the defendants, **AARON HICKS a/k/a Boog a/k/a Boogy**, **MARCEL WORTHY a/k/a Cheese**, **RODERICK ARRINGTON a/k/a Ra-Ra**, **LETORRANCE TRAVIS a/k/a Torrance** and **JULIO CONTRERAS a/k/a Blue Demon**, and others known and unknown, were members and associates of a violent neighborhood gang that operated principally in the East Side of the City of Buffalo, New York, centered around Schuele Avenue (hereinafter "the Schuele Boys").

2.     The Schuele Boys, including its leadership, membership, and associates, constituted an "enterprise," as defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact, although not a legal entity. The enterprise operated in the Western District of New York and elsewhere. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. At all times relevant to this Superseding Indictment, the enterprise was engaged in, and its activities affected, interstate and foreign commerce.

#### BACKGROUND OF THE ENTERPRISE

3.     The Schuele Boys enterprise was a criminal street gang whose core members began associating with each other in or before the early 2000's and whose bond and power

2

progressively grew into the 2010's. The enterprise maintained as its "territory" an area of the East Side of Buffalo, New York, roughly between Grider Street to the west, Courtland Avenue to the east, New York State Route 33 to the north, and East Ferry Street to the south. The enterprise also maintained associates in other areas of Western New York, Western Pennsylvania, Northern Georgia, and Southern Texas.

4.      Members and associates of the Schuele Boys enterprise generally identified one another through familial relationships and growing up together in the vicinity of Schuele Avenue, in the territory controlled by the enterprise. Their strongest common bond, however, was their coalition in conducting the affairs of the enterprise and their willingness to "put in work" on behalf of the enterprise and its members and associates.

5.      The Schuele Boys enterprise continually engaged in the distribution of cocaine, cocaine base in the form of crack cocaine, heroin, marijuana, and other controlled substances. Typically, senior members of the enterprise maintained connections to sources of supply outside the enterprise's territory for bulk quantities of controlled substances. Lower-level, including street-level, drug dealers associated with the enterprise obtained their drugs through these senior members. Close access to these senior members generally meant lower wholesale prices, fewer middlemen, and, therefore, higher resale profits for the lower-level dealers. Close access to the senior members of the enterprise also allowed lower-level dealers to distribute narcotics within the territory controlled by the enterprise and protected them from violence, including robberies or "drug rips" by rival dealers and other criminals.

6.      In order to enforce the authority of the enterprise, certain members and associates carried and discharged firearms. These "enforcers" or "shooters" retaliated with

3

deadly force against threats of encroachment or violence, both actual and perceived, from rival gangs or individuals. Firearms used in their shootings were generally not retained; they were discarded or destroyed ("chopped up"). Members and associates also concealed their criminal activity and worked to hinder the ability of law enforcement to gather evidence, including by threatening and fostering atmospheres of intimidation against victims and witnesses whom they suspected might testify or provide information to law enforcement about the crimes committed by the enterprise.

7.      Prospective and new entrants generally gained the respect of, and access to, the senior members of the enterprise by "putting in work." "Putting in work" included selling drugs and shooting rivals. Prospective and new entrants also gained respect and access to senior members by "taking charges," meaning to protect someone from law enforcement action by getting arrested or accepting responsibility for criminal conduct by or involving the other person.

8.      As a tribute to, and to flaunt the success and reputation of, the enterprise, senior members incorporated a record label. Through a Schuele Boys associate, they produced multiple rap music songs and videos that memorialized the triumphs of the enterprise and its criminal activities, including drug trafficking, firearm use, and violence.

## THE RACKETEERING CONSPIRACY

9.      Beginning in or before 2000, the exact date being unknown, and continuing until on or about the date of the return of this Superseding Indictment, in the Western District of New York, and elsewhere, the defendants, **AARON HICKS a/k/a Boog a/k/a Boogy, MARCEL WORTHY a/k/a Cheese, RODERICK ARRINGTON a/k/a Ra-Ra,**

4

LETORRANCE TRAVIS a/k/a **Torrance** and JULIO CONTRERAS a/k/a **Blue Demon**, and others known and unknown, being persons employed by and associated with the Schuele Boys, which enterprise was engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully and knowingly combined, conspired, confederated, and agreed together and with others, known and unknown, to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of:

      a.     Multiple acts involving murder, in violation of New York Penal Law, Sections 105.15, 110.00, 125.25, and 20.00; and

      b.     Multiple acts involving the trafficking of controlled substances, including cocaine, cocaine base, heroin, and marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 846, and 856(a).

      10.     It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

## MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

      11.     The object of the conspiracy was to be accomplished in substance as follows:

      a.     Members and associates of the enterprise agreed to and did actually distribute and possess with the intent to distribute quantities of narcotics, including cocaine, cocaine base, heroin, and marijuana;

5

b.     Members and associates of the enterprise traveled to and from Southern Texas, Western New York, and Western Pennsylvania to distribute and facilitate the distribution of narcotics;

c.     Members and associates of the enterprise promoted a climate of fear through violence and threats of violence;

d.     Members and associates of the enterprise agreed, planned, and conspired to commit acts of violence, including shootings and murders, against perceived rivals of the enterprise;

e.     Members and associates of the enterprise represented themselves to be, identified themselves as, and carried on as, members and associates of the enterprise in order to intimidate victims and rivals, and in order to enhance their street credibility and control of their territory in the East Side of Buffalo, New York;

f.     Members and associates of the enterprise produced, sang, and appeared in music videos at locations in and around the enterprise's territory that promoted the enterprise and its activities;

g.     Members and associates of the enterprise concealed their criminal activity and worked to hinder the ability of law enforcement to gather evidence against the enterprise; and

h.     Members and associates of the enterprise used, carried, possessed, and discharged firearms.

## OVERT ACTS

12.     In furtherance of the conspiracy and to achieve the object thereof, the defendants, **AARON HICKS a/k/a Boog a/k/a Boogy, MARCEL WORTHY a/k/a**

6

Cheese, RODERICK ARRINGTON a/k/a Ra-Ra, LETORRANCE TRAVIS a/k/a Torrance and JULIO CONTRERAS a/k/a Blue Demon, and others known and unknown, committed, and caused to be committed, overt acts, among others, in the Western District of New York and elsewhere, including, but not limited to, the following:

(1)    On or about June 2, 2000, an unindicted co-conspirator, known to the Grand Jury, discharged a firearm, in retaliation for an alleged shooting against MARCEL WORTHY, in the vicinity of Ernst Avenue and East Ferry Street, Buffalo, New York, in the neighborhood controlled by the Schuele Boys.

(2)    On or about December 9, 2004, AARON HICKS distributed a quantity of marijuana in Edinboro, Pennsylvania.

(3)    On or about January 19, 2005, AARON HICKS distributed a quantity of marijuana in Edinboro, Pennsylvania.

(4)    On or about February 10, 2005, RODERICK ARRINGTON possessed a loaded firearm, that is, a Sears and Roebuck 12-gauge short-barrel shotgun, bearing serial number H325363, and a quantity of marijuana, in the vicinity of 77 Carl Street, Buffalo, New York, in the neighborhood controlled by the Schuele Boys.

(5)    On or about May 25, 2005, AARON HICKS possessed a defaced firearm, in the vicinity of 97 Schuele Avenue, Buffalo, New York, in the neighborhood controlled by the Schuele Boys.

(6)    On or about June 18, 2005, LETORRANCE TRAVIS, MARCEL WORTHY, and two associates were in a vehicle driven by LETORRANCE TRAVIS, when an unidentified gunman discharged a firearm at them in the vicinity of 1325 Fillmore Avenue, Buffalo, New York, near the neighborhood controlled by the Schuele Boys.

7

(7)     On or before April 29, 2006, **LETORRANCE TRAVIS, MARCEL WORTHY**, and an associate drove to Edinboro, Pennsylvania, to visit **AARON HICKS**. Inside the vehicle was a quantity of marijuana and **MARCEL WORTHY** possessed on his person approximately $4,000 in U.S. currency.

(8)     On or about May 25, 2006, **RODERICK ARRINGTON** discharged a firearm, in the vicinity of Bailey Avenue and Scajaquada Street, Buffalo, New York, in the neighborhood controlled by the Schuele Boys.

(9)     On or about December 17, 2006, **MARCEL WORTHY** and others confronted a group of individuals at a gas station at Grider Street and East Delavan Avenue, Buffalo, New York, in the neighborhood controlled by the Schuele Boys, and questioned them about being members of the Chelsea Boys, a rival gang.

(10)    On or about December 17, 2006, **MARCEL WORTHY** and others participated in the drive-by shooting murder of Kevin Gray in the vicinity of 82 Durham Avenue, Buffalo, New York, in the neighborhood controlled by the Schuele Boys.

(11)    On or about April 27, 2008, **MARCEL WORTHY** possessed 14 small plastic baggies containing a quantity of cocaine base in Buffalo, New York.

(12)    On or about July 22, 2008, **AARON HICKS** and an associate possessed a quantity of cocaine base for sale in the vicinity of East Delavan Avenue and William Gaiter Parkway, Buffalo, New York, in the neighborhood controlled by the Schuele Boys.

(13)    On or about September 18, 2009, **MARCEL WORTHY** possessed a quantity of marijuana in the vicinity of Suffolk Street and Dartmouth Avenue, Buffalo, New York.

8

(14) On or about September 24, 2009, outside 43 Birch Place, Buffalo, New York, in which was a Colt AR-15 rifle with defaced serial number, in the neighborhood controlled by the Schuele Boys, **MARCEL WORTHY** met with an associate, who was in possession of cocaine base.

(15) On or about June 27, 2010, **MARCEL WORTHY**, Schuele Boys associate Walter Davison a/k/a Matt, and two other associates were at 239 Carl Street, Buffalo, New York, in which was possessed a large bag containing a quantity of cocaine base and 22 individually wrapped baggies of cocaine base.

(16) On or about October 26, 2010, **AARON HICKS** traveled from Buffalo, New York, to McAllen, Texas, met with **JULIO CONTRERAS**, and then returned to Buffalo on or about October 29, 2010.

(17) On or about November 13, 2010, **JULIO CONTRERAS** returned to McAllen, Texas, from Buffalo, New York.

(18) On or about December 18, 2010, **AARON HICKS** and **JULIO CONTRERAS** were in a vehicle, transporting 669.5 grams of marijuana, when they stopped at a house belonging to **LETORRANCE TRAVIS**, at 118 Courtland Avenue, Buffalo, New York, in the neighborhood controlled by the Schuele Boys.

(19) On or about January 29, 2011, **JULIO CONTRERAS** returned to McAllen, Texas, from Buffalo, New York.

(20) On or about February 9, 2011, **JULIO CONTRERAS** returned to McAllen, Texas, from Buffalo, New York.

9

(21)   On or about March 28, 2011, **JULIO CONTRERAS** traveled from McAllen, Texas, to Buffalo, New York, and, on or about March 31, 2011, returned to McAllen, Texas.

(22)   On or about July 18, 2011, **AARON HICKS, LETORRANCE TRAVIS**, and two Schuele Boys associates incorporated G.O.N.E. ENT a/k/a Gone Entertainment, a domestic corporation, in Nevada.

(23)   Sometime in or about August 2011, **AARON HICKS, LETORRANCE TRAVIS, MARCEL WORTHY**, and **RODERICK ARRINGTON**, and others, at various locations in Buffalo, New York, including 272 Schuele Avenue, the vicinity of Courtland Avenue and East Delavan Avenue, and the vicinity of Schuele Avenue and Northland Avenue, all in the neighborhood controlled by the Schuele Boys, and at a local restaurant, staged and created multiple music videos, produced by G.O.N.E. ENT a/k/a Gone Entertainment, for songs entitled "Front Door" and "Dinner Table." In the videos, **HICKS, TRAVIS, WORTHY, ARRINGTON**, and associates displayed U.S. currency, suspected cocaine, and manpower, demonstrated the manufacturing of cocaine base, and paid tribute to deceased associates.

(24)   On or before September 28, 2011, **AARON HICKS**, in Buffalo, New York, sent a mutual associate to take approximately $48,000 in U.S. currency, a quantity of cocaine, and a white Chevrolet Camaro to **JULIO CONTRERAS** in Texas.

(25)   On or about November 6, 2011, **LETORRANCE TRAVIS** possessed approximately 4 kilograms of cocaine in the vicinity of Forman Street, Buffalo, New York, near the neighborhood controlled by the Schuele Boys.

10

(26)    On or about November 6, 2011, **JULIO CONTRERAS** possessed approximately 7 kilograms of cocaine, in a Dodge Caravan, bearing Michigan plate BTZ-8367, at various locations in Cheektowaga, New York.

(27)    On or about November 6, 2011, **LETORRANCE TRAVIS** possessed approximately 1.5 kilograms of cocaine at 68 Forman Street, Buffalo, New York, near the neighborhood controlled by the Schuele Boys.

(28)    On or about November 6, 2011, **JULIO CONTRERAS** possessed approximately 11.5 kilograms of cocaine in a 2000 Plymouth Voyager minivan, bearing Oklahoma plate 152HUI, at 68 Forman Street, Buffalo, New York, near the neighborhood controlled by the Schuele Boys.

(29)    On or about November 6, 2011, **LETORRANCE TRAVIS** possessed drug ledgers for his cocaine distribution at 19 Slate Creek Drive, Apartment 3, Cheektowaga, New York.

(30)    On or about November 6, 2011, **LETORRANCE TRAVIS** possessed approximately $170,000 in U.S. currency, proceeds of narcotics distribution, at 34 Crossman Avenue, Buffalo, New York, near the neighborhood controlled by the Schuele Boys.

(31)    On or before March 26, 2012, **JULIO CONTRERAS** possessed equipment and machinery for manufacturing and modifying parts, including lower receivers, of AK-47 rifles, at 716 Mynah Avenue, McAllen, Texas.

(32)    On or about August 26, 2012, Schuele Boys associate Walter Davison possessed a quantity of cocaine in the vicinity of 253 Carl Street, Buffalo, New York, in the neighborhood controlled by the Schuele Boys, at which time Davison was shot and killed.

11

(33)    Between on or about August 26, 2012, and on or about August 30, 2012, **AARON HICKS, MARCEL WORTHY, RODERICK ARRINGTON**, and others investigated the murder of Schuele Boys associate Walter Davison, identified Quincy Balance a/k/a Shooter and D.H., a person known to the Grand Jury, as the potential killers, and planned to seek revenge.

(34)    On or about August 30, 2012, **RODERICK ARRINGTON** and others participated in the shooting murder of Quincy Balance and shooting at D.H. in the vicinity of Northland Avenue and Stevens Avenue, Buffalo, New York, in the neighborhood controlled by the Schuele Boys.

(35)    On or about March 6, 2013, **LETORRANCE TRAVIS** filed an Assumed Name Certificate with the Erie County Clerk's Office, as "Gone Auto Sales." From that date through the end of the conspiracy, members and associates of the Schuele Boys used the storefront for Gone Auto Sales at 2618 Bailey Avenue, Buffalo, New York, in the neighborhood controlled by the Schuele Boys, as a covert location from which to distribute narcotics.

(36)    On or about February 18, 2014, **AARON HICKS** and a Schuele Boys associate retrieved a UPS box addressed from Texas that contained approximately 33 pounds of marijuana, which had just been delivered to 204 Stevens Avenue, Buffalo, New York, in the neighborhood controlled by the Schuele Boys.  On this same date, **AARON HICKS** also possessed on his person approximately 16 grams of cocaine base.

(37)    On or about June 26, 2014, **MARCEL WORTHY** made multiple telephone calls in Buffalo, New York, using cellular telephones to facilitate and solicit narcotics sales, including a quarter of a kilogram of cocaine for $8,500.

(38)   On or about July 3, 2014, **MARCEL WORTHY,** while in the vicinity of Gone Auto Sales, 2618 Bailey Avenue, Buffalo, New York, engaged in a telephone conversation with an associate to facilitate a narcotics transaction at 136 Millicent Avenue, Buffalo, New York, near the neighborhood controlled by the Schuele Boys.

(39)   On or about August 28, 2014, **AARON HICKS** returned to Buffalo, New York, from Harlingen, Texas.

(40)   On or about October 31, 2014, **RODERICK ARRINGTON** possessed a loaded firearm, namely, a Ruger model P89DC 9mm semi-automatic handgun, bearing serial number 305-91423, and a quantity of heroin at 82 Girard Place, Buffalo, New York, near the neighborhood controlled by the Schuele Boys.

(41)   From sometime in or before December 2014 through on or about March 5, 2015, **RODERICK ARRINGTON**, while an inmate at the Erie County Holding Center, Buffalo, New York, fostered an atmosphere of intimidation against D.H., another inmate, by telling other inmates that D.H. was providing statements to law enforcement concerning the August 30, 2012, murder of Quincy Balance and shooting at D.H. When **ARRINGTON** received a letter from D.H. pleading for him to stop "dirtying" D.H.'s name, **ARRINGTON** showed said letter to multiple other inmates.

## NOTICE OF SPECIAL SENTENCING FACTORS REGARDING COUNT 1

13.   Beginning in or before 2000, the exact date being unknown to the Grand Jury, and continuing until on or about February 24, 2015, in the Western District of New York, and elsewhere, the defendants, **AARON HICKS a/k/a Boog a/k/a Boogy, MARCEL WORTHY a/k/a Cheese, LETORRANCE TRAVIS a/k/a Torrance** and **JULIO**

13

**CONTRERAS a/k/a Blue Demon**, did knowingly, intentionally, willfully, and unlawfully combine, conspire, and agree together and with others, known and unknown to the Grand Jury, to commit the following offenses, that is, to possess with the intent to distribute, and to distribute, 5 kilograms or more of a mixture and substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(l), and 841(b)(1)(A).

14.    On or about December 17, 2006, in the Western District of New York, the defendant, **MARCEL WORTHY a/k/a Cheese**, with others, with intent to cause the death of another person, did intentionally and unlawfully cause the death of Kevin Gray, in violation of New York Penal Law, Sections 125.25(1) and 20.00.

15.    On or about August 30, 2012, in the Western District of New York, the defendant, **RODERICK ARRINGTON a/k/a Ra-Ra**, with others, with intent to cause the death of another person, did intentionally and unlawfully cause the death of Quincy Balance a/k/a Shooter, in violation of New York Penal Law, Sections 125.25(1) and 20.00.

**All in violation of Title 18, United States Code, Section 1962(d).**

## COUNT 2

### (Narcotics Conspiracy)

#### The Grand Jury Further Charges That:

Beginning in or before 2000, the exact date being unknown to the Grand Jury, and continuing until on or about February 24, 2015, in the Western District of New York, and elsewhere, the defendants, **AARON HICKS a/k/a Boog a/k/a Boogy, MARCEL**

14

**WORTHY a/k/a Cheese, RODERICK ARRINGTON a/k/a Ra-Ra, LETORRANCE TRAVIS a/k/a Torrance** and **JULIO CONTRERAS a/k/a Blue Demon**, did knowingly, intentionally, willfully, and unlawfully combine, conspire, and agree together and with others, known and unknown to the Grand Jury, to commit the following offenses, that is:

    a.    to possess with the intent to distribute, and to distribute, 5 kilograms or more of a mixture and substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(l) and 841(b)(1)(A);

    b.    to possess with the intent to distribute, and to distribute, a quantity of a mixture and substance containing cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(l) and 841(b)(1)(C); and

    c.    to possess with the intent to distribute, and to distribute, marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(l) and 841(b)(1)(D).

**All in violation of Title 21, United States Code, Section 846.**

## COUNT 3

### (Possession of Firearms in Furtherance of Crime of Violence and Drug Trafficking Crime)

### The Grand Jury Further Charges That:

Beginning in or before 2000, the exact date being unknown to the Grand Jury, and continuing until on or about February 24, 2015, in the Western District of New York, and elsewhere, the defendants, **AARON HICKS a/k/a Boog a/k/a Boogy, MARCEL**

15

WORTHY a/k/a Cheese, RODERICK ARRINGTON a/k/a Ra-Ra and LETORRANCE TRAVIS a/k/a Torrance, during and in relation to a crime of violence, that is, a violation of Title 18, United States Code, Section 1962(d), and a drug trafficking crime, that is, a violation of Title 21, United States Code, Section 846, for which they may be prosecuted in a court of the United States, committed in the manner as set forth in Counts 1 and 2 of this Superseding Indictment, the allegations of which are incorporated herein by reference, did knowingly and unlawfully use and carry, and in furtherance of such crimes, did knowingly and unlawfully possess, firearms.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.

## COUNT 4

### (Possession of Firearms in Furtherance of Drug Trafficking Crime)

### The Grand Jury Further Charges That:

Beginning in or before 2010, the exact date being unknown to the Grand Jury, and continuing until on or about February 24, 2015, in the Western District of New York, and elsewhere, the defendant, JULIO CONTRERAS a/k/a Blue Demon, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 846, committed in the manner as set forth in Count 2 of this Superseding Indictment, the allegations of which are incorporated herein by reference, did knowingly and unlawfully use and carry, and in furtherance of such crime, did knowingly and unlawfully possess, firearms.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.

16

## COUNT 5

### (Murder in Aid of Racketeering Activity)

### The Grand Jury Further Charges That:

1.  At all times relevant to this Superseding Indictment, the Schuele Boys enterprise, including its leadership, membership, and associates, as more fully described in Paragraphs 1 through 8 of Count 1 of this Superseding Indictment, which are realleged and incorporated by reference as though fully set forth herein, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

2.  At all times relevant to this Superseding Indictment, the Schuele Boys, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, multiple acts involving the trafficking of controlled substances, including cocaine, cocaine base, heroin, and marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 846, and 856(a), and multiple acts involving murder, in violation of New York Penal Law.

3.  On or about December 17, 2006, in the Western District of New York, the defendant, **MARCEL WORTHY a/k/a Cheese**, with others, for the purpose of maintaining and increasing position in the Schuele Boys, an enterprise engaged in racketeering activity, did intentionally and unlawfully cause the death of Kevin Gray, in violation of New York Penal Law, Sections 125.25(1) and 20.00.

17

All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT 6

### (Discharge of Firearm Causing Death in Furtherance of Crime of Violence)

### The Grand Jury Further Charges That:

On or about December 17, 2006, in the Western District of New York, the defendant, **MARCEL WORTHY a/k/a Cheese**, with others, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1959(a)(1), committed in the manner as set forth in Count 5 of this Superseding Indictment, the allegations of which are incorporated herein by reference, did knowingly and unlawfully use, carry, and discharge, and in furtherance of such crime, did knowingly and unlawfully possess and discharge, a firearm, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii), and that, in the course of this violation, the defendant, **MARCEL WORTHY a/k/a Cheese**, together with others, caused the death of a person through use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, with malice aforethought, did willfully, deliberately, and with premeditation, kill Kevin Gray, by shooting him with a firearm.

**All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(j)(1), and 2.**

18

## COUNT 7

### (Murder in Aid of Racketeering Activity)

### The Grand Jury Further Charges That:

1.     Paragraphs 1 and 2 of Count 5 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

2.     On or about August 30, 2012, in the Western District of New York, the defendant, **RODERICK ARRINGTON a/k/a Ra-Ra**, with others, for the purpose of maintaining and increasing position in the Schuele Boys, an enterprise engaged in racketeering activity, did intentionally and unlawfully cause the death of Quincy Balance a/k/a Shooter, in violation of New York Penal Law, Sections 125.25(1) and 20.00.

**All in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.**

## COUNT 8

### (Discharge of Firearm in Furtherance of Crime of Violence)

### The Grand Jury Further Charges That:

On or about August 30, 2012, in the Western District of New York, the defendant, **RODERICK ARRINGTON a/k/a Ra-Ra**, with others, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1959(a)(1), committed in the manner as set forth in Count 7 of this Superseding Indictment, the allegations of which are incorporated herein by reference, did knowingly and unlawfully use, carry, and discharge,

19

and in furtherance of such crime, did knowingly and unlawfully possess and discharge, a firearm.

**All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.**

## COUNT 9

### (Discharge of Firearm Causing Death in Furtherance of Crime of Violence)

### The Grand Jury Further Charges That:

On or about August 30, 2012, in the Western District of New York, the defendant, **RODERICK ARRINGTON a/k/a Ra-Ra**, with others, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1959(a)(1), committed in the manner as set forth in Count 7 of this Superseding Indictment, the allegations of which are incorporated herein by reference, did knowingly and unlawfully use, carry, and discharge, and in furtherance of such crime, did knowingly and unlawfully possess and discharge, a firearm, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii), and that, in the course of this violation, the defendant, **RODERICK ARRINGTON a/k/a Ra-Ra**, with others, caused the death of a person through use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought, did willfully, deliberately, and with premeditation, kill Quincy Balance a/k/a Shooter, by shooting him with a firearm.

**All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(j)(1) and 2.**

20

## COUNT 10

### (Attempted Murder in Aid of Racketeering Activity)

### The Grand Jury Further Charges That:

1.     Paragraphs 1 and 2 of Count 5 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

2.     On or about August 30, 2012, in the Western District of New York, the defendant, **RODERICK ARRINGTON a/k/a Ra-Ra**, with others, for the purpose of maintaining and increasing position in the Schuele Boys, an enterprise engaged in racketeering activity, did intentionally and unlawfully attempt to cause the death of D.H., in violation of New York Penal Law, Sections 125.25(1), 110.00, and 20.00.

**All in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.**

## COUNT 11

### (Discharge of Firearm in Furtherance of Crime of Violence)

### The Grand Jury Further Charges That:

On or about August 30, 2012, in the Western District of New York, the defendant, **RODERICK ARRINGTON a/k/a Ra-Ra**, with others, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, a violation of Title 18, United States Code, Section 1959(a)(5), committed in the manner as set forth in Count 10 of this Superseding Indictment, the allegations of which are incorporated herein by reference, did knowingly and unlawfully use, carry, and discharge, and in furtherance of such crime, did knowingly and unlawfully possess and discharge, a firearm.

21

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

## COUNT 12

### (Possession of Heroin with Intent to Distribute)

### The Grand Jury Further Charges That:

On or about October 31, 2014, in the Western District of New York, the defendant, **RODERICK ARRINGTON a/k/a Ra-Ra**, did knowingly, intentionally and unlawfully possess with the intent to distribute heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT 13

### (Maintaining Drug-Involved Premises)

### The Grand Jury Further Charges That:

On or about October 31, 2014, in the Western District of New York, the defendant, **RODERICK ARRINGTON a/k/a Ra-Ra**, did knowingly, intentionally and unlawfully use and maintain a place, that is, the premises at 82 Girard Place, rear unit, Buffalo, New York, for the purpose of manufacturing, distributing and using heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

22

## COUNT 14

### (Possession of Firearm in Furtherance of Drug Trafficking Crimes)

### The Grand Jury Further Charges That:

On or about October 31, 2014, in the Western District of New York, the defendant, **RODERICK ARRINGTON a/k/a Ra-Ra**, during and in relation to drug trafficking crimes for which he may be prosecuted in a court of the United States, that is, violations of Title 21, United States Code, Sections 841(a)(1) and 856(a)(1), committed in the manner as set forth in Counts 12 and 13 of this Superseding Indictment, the allegations of which are incorporated herein by reference, did knowingly and unlawfully possess a firearm, namely, a Ruger, model P89DC, 9mm semi-automatic handgun, bearing serial number 305-91423.

**All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).**


## COUNT 15

### (Possession of Firearm and Ammunition by Convicted Felon)

### The Grand Jury Further Charges That:

On or about October 31, 2014, in the Western District of New York, the defendant, **RODERICK ARRINGTON a/k/a Ra-Ra**, having been convicted on or about September 20, 2006, in County Court, Erie County, New York, of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess, in and affecting commerce, a firearm, namely, a Ruger, model P89DC, 9mm semi-automatic handgun, bearing serial number 305-91423.

**All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).**

23

## FIRST FORFEITURE ALLEGATION

### The Grand Jury Alleges That:

Count 1 of this Superseding Indictment is re-alleged and incorporated herein by reference as though fully set forth herein. Pursuant to Rule 32.2 of the Federal Rules Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, in the event of any defendant's conviction under Count 1 of this Superseding Indictment, in that defendants, **AARON HICKS a/k/a Boog a/k/a Boogy**, **MARCEL WORTHY a/k/a Cheese, RODERICK ARRINGTON a/k/a Ra-Ra, LETORRANCE TRAVIS a/k/a Torrance**, and **JULIO CONTRERAS a/k/a Blue Demon**, shall forfeit all of their right, title, and interest to the United States in any

1) interest the person has acquired, or maintained, in violation of Section 1962;

2) interest in; security of; claim against; property or contractual right of any kind affording a source of influence over, the enterprise referenced in this Superseding Indictment; or

3) property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity in violation of Section 1962;

including but not limited to the following:

### MONETARY AMOUNT:

The sum of thirty million ($30,000,000.00) dollars United States currency, to be evidenced by a judgment issued by this Court against the defendants.

### SUBSTITUTE ASSETS:

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants,

24

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred or sold to, or deposited with, a third person;

(3)     has been placed beyond the jurisdiction of the Court;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be divided without difficulty;

It is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m) to seek forfeiture of any other property of said defendants up to the value of the above monetary amount.

**All pursuant to Title 18, United States Code, Sections 1963(a) and 1963(m).**

## SECOND FORFEITURE ALLEGATION

### The Grand Jury Further Alleges That:

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, in the event of any defendants' conviction under Count 2 of this Superseding Indictment, in that defendants, **AARON HICKS a/k/a Boog a/k/a Boogy, MARCEL WORTHY a/k/a Cheese, RODERICK ARRINGTON a/k/a Ra-Ra, LETORRANCE TRAVIS a/k/a Torrance, and JULIO CONTRERAS a/k/a Blue Demon**, shall forfeit all of their right, title, and interest to the United States any property constituting or derived from proceeds obtained, directly or indirectly, and/or any property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of, said violation, including but not limited to the following:

25

**MONETARY AMOUNT:**

The sum of thirty million ($30,000,000.00) dollars United States currency, to be evidenced by a judgment issued by this Court against the defendants if said sum is not available.

**SUBSTITUTE ASSETS:**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants,

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred or sold to, or deposited with, a third person;

(3)     has been placed beyond the jurisdiction of the Court;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be divided without difficulty;

It is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above monetary amount.

**All pursuant to the provisions of Title 21, United States Code, Sections 853(a) and 853(p).**

## THIRD FORFEITURE ALLEGATION

### The Grand Jury Further Alleges That:

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, in the event of any defendant's conviction under any of the Counts of this Superseding Indictment, in that

defendants, **AARON HICKS a/k/a Boog a/k/a Boogy**, **MARCEL WORTHY a/k/a Cheese**, **RODERICK ARRINGTON a/k/a Ra-Ra**, **LETORRANCE TRAVIS a/k/a Torrance**, and **JULIO CONTRERAS a/k/a Blue Demon**, shall forfeit to the United States any and all firearms and ammunition involved or used in the commission of the offense, or found in the possession or under the immediate control of the defendant at the time of arrest, including, but not limited to:

a.      Ten (10) rounds of assorted 9mm ammunition seized on or about October 31, 2014, at 82 Girard Place, Buffalo, New York.

**All pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c).**

DATED: Buffalo, New York, June __19__ 2015.

WILLIAM J. HOCHUL, JR.
United States Attorney

BY: _____

WEI XIANG
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716/843-5806
Wei.Xiang@usdoj.gov

A TRUE BILL.



FOREPERSON

27